IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Edward Kasyjanski, | C/A No.: 0:24-cv-2276-JFA-SVH |
| Plaintiff, | |
| vs. | REPORT AND RECOMMENDATION |
| Harriet Squirewell, Allison Spiars, Deon Artis, Kendra Bouknight, Sheniqua Cook, Belton Shuda, and Threasa Good, | |
| Defendants. | |

Keith Edward Kasyjanski ("Plaintiff"), proceeding pro se and in forma pauperis, brings this case pursuant to 42 U.S.C. § 1983 against the following Fairfield County Detention Center ("FCDC") employees: director Harriet Squirewell ("Director Squirewell"), administrative assistant Allison Spiars ("Ms. Spires"), captain Deon Artis ("Captain Artis"), deputy director Kendra Bouknight ("Deputy Director Bouknight"), sergeant Sheniqua Cook ("Sergeant Cook"), lieutenant Belton Shuda ("Lieutenant Shuda"), and nurse Threasa Good ("Nurse Good") (collectively "Defendants"). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.  Factual Background

Plaintiff is a pretrial detainee incarcerated at FCDC. [ECF No. 29 at 1, 5]. He filed a complaint on April 22, 2024. [ECF No. 1]. On May 24, 2024, the undersigned issued a proper form order and an order and notice advising Plaintiff of deficiencies in his complaint and requirements for service of process. [ECF Nos. 8, 9]. Plaintiff filed an amended complaint on June 17, 2024. [ECF No. 13]. The undersigned reviewed Plaintiff's amended complaint, noted deficiencies in the amended complaint and his failure to fully complete all documents required for service of process, and issued a second proper form order and a second order and notice. [ECF Nos. 19, 20]. Plaintiff subsequently filed a second amended complaint [ECF No. 29] and forms USM-285 [ECF No. 31].[1]

In his second amended complaint, Plaintiff alleges Defendants violated his constitutional rights under the First, Second, Fifth, and Fourteenth Amendments as follows: "1st Amendment Free Speech, my right to travel, life,

---

[1] Plaintiff submitted letters to the court on July 15 and July 22, 2024, indicating he was unable to comply with the court's prior orders because he lacked paper. [ECF Nos. 22, 24]. The undersigned issued a text order on July 30, 2024, extending the deadline to August 23, 2024, to permit Plaintiff time to obtain paper on his own and draft or complete responses. [ECF No. 27]. However, Plaintiff presumably obtained paper some time after he mailed the letter docketed on July 25, as evidenced by his filing of an amended complaint and forms USM-285 on July 30. [ECF Nos. 29, 31]. Because Plaintiff has responded to the court's prior orders, the undersigned may issue a report and recommendation at this time.

liberty, pursuit of happiness, my right to work, my 2nd Amendment right to keep and bear arms. No law library, No post office, Sensor [sic] Federal mail." [ECF No. 25 at 5, 9].

Plaintiff alleges Deputy Director Bouknight, Lieutenant Shuda, Sergeant Cook, Director Squirewell, Ms. Spires, and Captain Artis protect and uphold South Carolina law, as opposed to the United States Constitution. *Id.* at 9, 10, 11, 12, 13. He claims these same defendants have "[c]ensor[ed his] federal mail." *Id.* at 8–13. He asserts Deputy Director Bouknight, Sergeant Cook, and Captain Artis have "look[ed] up col" forms.[2] *Id.* at 6, 8, 10, 13.

Plaintiff claims that on February 8, 2023, Nurse Good declined his request for blood thinner medication because he lacked a prescription. *Id.* at 7. He states he was subsequently released from FCDC, but returned on April 21, 2023, with his blood thinner medication. *Id.* He indicates Nurse Good declined to administer the medication at that time because it had expired. *Id.* He notes he underwent surgery on an artery in 2018. *Id.* at 14. He reports that on July

---

[2] Plaintiff appears to be referring to "color of law" forms. These forms have been described as citing 18 U.S.C. § 242 and § 245 and 42 U.S.C. § 1983 and "provid[ing] 'Legal Notice and Warning' that the 'Notice Recipient' can be arrested for a crime that violates the rights of a citizen under the color of law by requiring action by law when it is not required by law." *Lanzetta v. Woodmansee*, Case No. 2:13-276-FtM-29DNF, 2013 WL 1610508, at *1 (M.D. Fla. Apr. 15, 2013).

7, 2023, he was hospitalized for a blood clot after his right leg became enlarged and discolored and he developed a headache and chest pain. *Id.*

Plaintiff requests the court award $75,000 in damages from each defendant. *Id.*

II.    Discussion

    A.    Standard of Review

Plaintiff filed the complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's

allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff brings his case pursuant to 42 U.S.C. § 1983.[3] To state a plausible claim for relief under 42 U.S.C. § 1983, an aggrieved party must

---

[3] Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional

sufficiently allege that he was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (3d ed. 2014). To assert a viable § 1983 claim against a state official, Plaintiff must allege a causal connection or affirmative link between the conduct of which he complains and the official sued. *See Iqbal*, 556 U.S. at 676 (providing that a plaintiff in a § 1983 action must plead that the defendant, through his own individual actions, violated the Constitution); *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976) (finding a § 1983 plaintiff must show he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct).

The undersigned has reviewed and liberally construed the second amended complaint and finds Plaintiff has not alleged sufficient facts to support Constitutional violations against Defendants. Although he alleges Defendants have violated his rights under the First, Second, Fifth, and Fourteenth Amendments, his allegations are generally conclusory, and, to the extent he alleges specific facts to support his claims, those facts do not sustain

---

violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

any recognized violation of his rights under the Constitution or federal law.

Plaintiff's claim that Deputy Director Bouknight, Lieutenant Shuda, Sergeant Cook, Director Squirewell, Ms. Spires, and Captain Artis protect and uphold South Carolina law, as opposed to the United States Constitution, lacks support. These FCDC employees are required to uphold both state and federal law, and Plaintiff has not alleged sufficient facts to support his statement that they uphold state law in violation of the Constitution or federal law.

To the extent Plaintiff alleges these defendants have denied him access to a law library, such an allegation does not support a Constitutional violation. The Constitution guarantees an inmate a right to reasonable access to the courts, but not specifically to a law library. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Bounds v. Smith*, 430 U.S. 817, 838 (1977). Plaintiff has not alleged Defendants denied him reasonable access to the courts.

Although Plaintiff complains Deputy Director Bouknight, Lieutenant Shuda, Sergeant Cook, Director Squirewell, Ms. Spires, and Captain Artis "[c]ensor[ed his] federal mail," he only makes a specific allegation as to Ms. Spires. *Compare* ECF No. 29 at 6, *with* ECF No. 29 at 8–13. He appears to assert Ms. Spires opened his "Federal mail" on February 8 and June 14, 2023, and April 10 and July 10, 2024, causing him to receive it several hours later. *See id.* at 6. The rights of inmates to send and receive mail are recognized under the First Amendment, *Hudson v. Palmer*, 468 U.S. 517, 547 (1984), but

detention center officials may adopt policies that impinge on these rights if such policies are "reasonably related to a legitimate penological interest." *Turner v. Safley*, 482 U.S. 78, 89 (1987); *see also Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125 (1977) ("The fact of confinement and the needs of the penal institution impose limitations on constitutional rights, including those derived from the First Amendment."). The Fourth Circuit has recognized that "[o]pening an incarcerated person's legal mail outside of his presence can chill protected speech." *Haze v. Harrison*, 961 F.3d 654, 658 (4th Cir. 2020). However, Plaintiff refers to "Federal mail," as opposed to "legal mail." It appears he is referencing mail generally, as a review of the Case Management/Electronic Case Filing system shows he did not have a case pending in this court on February 8, 2023, or April 10, 2024. Furthermore, Plaintiff has not alleged he suffered any injury as a result of several hours' delay in receiving his mail. Thus, Plaintiff has not alleged sufficient facts to state a claim under § 1983 for the "[c]ensor[ing]" of his mail.

Plaintiff alleges Deputy Director Bouknight, Sergeant Cook, and Captain Artis have "look[ed] up col" forms, but he fails to explain how their actions violated his rights under the Constitution or federal law.

To the extent Plaintiff may be attempting to allege Nurse Good violated his Fourteenth Amendment rights through indifference to his serious medical needs in violation of the Eighth Amendment, he has not alleged sufficient facts

to support a claim. Although Plaintiff states he developed a blood clot in July 2023, he does not allege he sought any blood pressure treatment from Nurse Good aside from her administration of his expired medication. [ECF No. 29 at 7]. Nurse Good did not have a duty under the Constitution or federal law to administer expired blood pressure medication to him. In fact, in the absence of a valid prescription, she was not permitted by law to administer the medication.

In light of the foregoing, Plaintiff's second amended complaint does not contain sufficient factual allegations to support a claim against Defendants under § 1983, and the undersigned recommends that it be dismissed for failure to state a claim on which relief may be granted.

III.    Conclusion and Recommendation

For the foregoing reason, the undersigned recommends the court dismiss the case without leave for further amendment for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915.

IT IS SO RECOMMENDED.

August 6, 2024                                                  Shiva V. Hodges
Columbia, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).