IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Keith Edward Kasyjanski,<br><br>                         Plaintiff,<br><br>vs.<br><br>Harriet Squirewell, Allison Spiars, Deon Artis, Kendra Bouknight, Sheniqua Cook, Belton Shuda, and Threasa Good,<br><br>                         Defendants. | C/A No. 0:24-cv-2276-JFA<br><br>**ORDER** |

## I.     INTRODUCTION

Plaintiff Keith Edward Kasyjanski (Plaintiff), a self-represented, former pretrial detainee[1], brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to the Magistrate Judge for pretrial proceedings.

On April 22, 2024, Plaintiff filed his original complaint against the following Fairfield County Detention Center (FCDC) Employees: director Harriet Squirewell, administrative assistant Allison Spiars, captain Deon Artis, deputy director Kendra Bouknight, sergeant Sheniqua Cook, lieutenant Belton Shuda, and nurse Threasa Good

---

[1] When Plaintiff filed his Complaint, he was a pretrial detainee at Fairfield County Detention Center. Plaintiff has since been discharged pursuant to a state court order specifying methods and conditions of release. Letter from Keith Edward Kasyjanski at 1-8, Kasyjanski v. Squirewell, No. 1:24-cv-04216-JFA-SVH (D.S.C. Sep. 16, 2024), ECF No. 16.

1

(collectively Defendants). (ECF No. 1). On May 24, 2024, the Magistrate Judge issued a proper form order and an order and notice advising Plaintiff of deficiencies in his complaint and requirements for service of process. (ECF Nos. 8 & 9). On June 17, 2024, Plaintiff filed an amended complaint. (ECF No. 13). Subsequently, the Magistrate Judge issued a second proper form order and a second order and notice. (ECF Nos. 19 & 20). Plaintiff filed a second amended complaint on July 30, 2024. (ECF No. 29). On August 6, 2024, the Magistrate Judge issued a Report and Recommendation (Report) and concluded that this Court should summarily dismiss Plaintiff's case for failure to state a viable claim pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF No. 32).

The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without recitation. Plaintiff filed objections to the Report on August 22, 2024. (ECF No. 36). Therefore, this matter is ripe for review.

**II.     LEGAL STANDARD**

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate, this Court is

not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The Magistrate Judge recommends that this Court should summarily dismiss Plaintiff's case for failure to state a viable claim pursuant to 28 U.S.C. § 1915(e)(2)(B). Section 1915 allows an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. 28 U.S.C. § 1915(a)(1). However, to protect against the possible abuses of this privilege, the district court must dismiss the case if the party fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The legal standard employed for a failure to state a claim is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III.  DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. However, a brief recitation of the factual background is necessary to analyze the objections. Because Plaintiff is proceeding *pro se*, the Court is charged with liberally construing the pleadings to allow Plaintiff to fully develop potentially meritorious cases. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972).

At the time Plaintiff filed the Complaint, he was a pretrial detainee incarcerated at FCDC. Plaintiff alleges Defendants violated his First, Second, Fifth, and Fourteenth Amendment rights. (ECF No. 29, pgs. 8-13). Specifically, Plaintiff states, "1st Amendment Free Speech, my right to travel, life, liberty, pursuit of happiness, my right to work, my 2nd Amendment right to keep and bear arms. No law library. No post office, censor Federal Mail." (ECF No. 29, pgs. 8-13). Additionally, Plaintiff alleges Defendants "protect[] and

uphold[] South Carolina law, and not the Federal Constitution of the United States." (ECF No. 29, pgs. 8-13). Plaintiff also alleges that Defendants Bouknight, Artis, and Cooks "looked up [his] COL form." (ECF No. 29, pgs. 6, 8, 10, & 13). Finally, Plaintiff alleges Defendant Good violated his constitutional rights when she refused to give him expired blood thinning medication. (ECF No. 29, pg. 7).

The Report recommends dismissing Plaintiff's case for failure to state a claim upon which relief may be granted. Plaintiff filed objections to the Report on August 22, 2024. (ECF Nos. 36 & 38).  However, Plaintiff's objections do not identify specific errors in the Report and are near recitations of the allegations in the second amended complaint. (ECF No. 36). [2]  In the absence of specific objections to the Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Plaintiff's "objections" do not reference the Report or otherwise address the previously identified deficiencies. Therefore, the Court cannot identify or analyze Plaintiff's opposition to the Report and is not required to give an explanation for adopting the recommendation.

---

[2] Although it is unclear, Plaintiff appears to assert new allegations against Defendant Good and Defendant Spiars. (ECF No. 36, pg. 2, 4). Specifically, Plaintiff argues Defendant Good prevented Plaintiff from seeing a doctor to obtain an unexpired prescription. (ECF No. 36, p. 2). Additionally, Plaintiff alleges Defendant Spiars refused to "cut a check for $5.00 to the United States District Court." (ECF No. 36, p. 4). Plaintiff's allegations are sparse and difficult to decipher. Moreover, the Magistrate Judge gave Plaintiff ample opportunity to assert facts sufficient to state a claim. (ECF Nos. 8, 9, 19, & 20). Accordingly, the Court will not consider Plaintiff's new allegations in its analysis.

## IV.   CONCLUSION

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, the Court adopts the Report and Recommendation. (ECF No. 32). Thus, Plaintiff's case is dismissed without leave for further amendment for failure to state a claim on which relief may be granted under 28 U.S.C. § 1915.[3]

IT IS SO ORDERED

October 23, 2024
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Court Judge

---

[3] On August 22, 2024, Plaintiff filed a motion to appoint counsel. (ECF No. 38). As discussed above, Plaintiff's claims are dismissed with prejudice. Therefore, Plaintiff's Motion to appoint counsel is dismissed as moot.